In the matter of the dissolution of the SENORA AND SINALOA IRRIGATION COMPANY.

[Decided April 18th, 1910.]

The statute (*P. L. 1884 p. 235 § 5*) provides that if the tax of any company remains unpaid on the first day of July after the same becomes due, it shall thenceforth bear interest at one per cent. a month until paid, and makes such a tax a preferred debt in case of insolvency (§ *6*) for which an action at law may be maintained. The Corporation act (*P. L. 1896 p. 296 § 56*) provides that, when any corporation is dissolved in any manner whatever, the court of chancery may appoint one or more receivers, with power to prosecute and defend in the name of the corporation or otherwise, and section 54 of that act makes the directors trustees, with authority to recover debts and property in the name of the corporation upon its dissolution in any manner.—*Held*, that franchise taxes due from a corporation bear interest at twelve per cent. until paid, even after dissolution of the corporation by executive proclamation; the interest being preferred, as well as the debt.

---

*Mr. Robert H. McCarter,* for the petitioners.

*Mr. Edmund Wilson,* attorney-general, for the state.

STEVENS, V. C.

The trustees of the above company which was, on January 5th, 1904, dissolved by proclamation of the governor, ask this court whether they must pay interest at the rate of twelve per cent. per annum on its unpaid franchise taxes. This tax for the year 1901 was $231; for 1902, $300; and for 1903, $300. The trustees concede that they are bound to pay the principal, with interest, at the rate prescribed by the Taxing act, up to the time of dissolution, but they submit that the interest then ceased to run, if not altogether, at least at the rate of twelve per cent. I have not been referred to any case which supports their view, and it seems untenable. The statute (*P. L. 1884 p. 235 § 5*) provides that

"if the tax of any company remains unpaid on the first day of July after the same becomes due, the same shall *thenceforth* bear interest at the rate of one per centum for each month until paid."

The argument in behalf of the trustees is that interest is given because of default in payment, and that there can be no default where there is no existent corporation.

There has been no disposition on the part of the court of errors and appeals to relieve corporations in the hands of receivers of their obligation to pay taxes. This is strikingly shown by the case *In re United States Car Co., 60 N. J. Eq. (15 Dick.) 514.* In that case the chancellor had held that the assets were held in trust by its receiver primarily to pay those who were creditors at the time the trust property passed into his hands, and that a tax upon the corporation subsequently imposed could only be paid out of the surplus, if any remaining, after such creditors had been paid in full. The court of errors and appeals held that the tax was payable out of the assets and was preferred. It so held, although the statute calls the tax a franchise tax, and although by the express words of section 68 of the Corporation act, the franchises and privileges of a corporation are transferred to the receiver at the time of his appointment. The bare legal entity

was held to be subject to the imposition, and this imposition was payable out of assets to which the corporation no longer held the legal title.

The decision does not dispose of the present question, for here we have the case of a legal entity, not only stripped of its property and franchises, but actually declared to be dissolved. The question here is, does the interest run on notwithstanding the dissolution? The language of the act seems to indicate that it does. Nothing could be more general or more explicit. The tax remaining unpaid shall *thenceforth* bear interest at the rate of one per centum for each month *until paid;* and "shall also be a preferred debt in case of insolvency." *P. L. 1884 p. 236 § 6.* If there were nothing but insolvency, it could not, in view of this language, be argued that interest did not run in the case of a tax imposed before insolvency. It is, however, said that there is not only insolvency but corporate death working an extinguishment of corporate obligation to pay interest from the time of death; for how, it is asked, can there be obligation without an obligor? The answer is, that the receiver or trustee is substituted by law to perform the obligation, as far as the assets extend. The case of *Rosenbaum* v. *Credit System Co., 61 N. J. Law (32 Vr.) 546,* throws light on the question. There, suit was brought by an agent on a continuing contract to serve the Credit System Company for a term of years, unexpired when the company failed. A receiver was appointed and the company's charter declared forfeited. The supreme court treated the contract as one for skilled personal service, and held that it was terminated by the dissolution of the corporation as it would have been by the death of a master. But the court of errors and appeals held otherwise. It declared that the court below had overlooked the fact that the capital of the corporation stood as a trust fund for the payment of its debts, and that by the terms of the decree, which forfeited the defendant's charter, the corporation was not dead, so far as the ascertainment of its obligations and their satisfaction was concerned. It was held that the forfeiture of the charter did not bar the plaintiff's recovery of damages for failure to perform the terms of the contract unexpired at the date of that forfeiture.

Strictly speaking, it is impossible for a corporation to violate the terms of a contract after its power to act has been taken from it and it has ceased to exist. But, nevertheless, a remedy was given against the assets as extensive as that which would have been given against the corporation had it remained *in esse* and refused to perform. The case seems to go to quite the length of the attorney-general's insistment in the present case. The decree in that case did, indeed, declare the charter forfeited, with the reservation "except for the purpose of collecting the property and assets of the defendant," but this is substantially the statutory reservation in all cases of dissolution. Section 56 of the Corporation act provides that when any corporation shall be dissolved, *"in any manner whatever"* (of course, including dissolution by proclamation), the court of chancery may appoint one or more persons to be receivers, "with power to prosecute and defend *in the name of the corporation, or otherwise,"* and section 54 provides that upon the dissolution, *"in any manner,"* of any corporation, the directors shall be trustees with authority to sue for and recover debts and property, *"by the name of the corporation,"* and shall be suable by the same name or in their own names.

From this it is apparent that although the corporation is dissolved, the legal entity is still deemed existent for the purpose of suing and being sued. If, in this condition, it can be liable for unliquidated damages accruing after decree of dissolution, why should it not be liable for interest on the tax when the statute itself says that the tax shall bear interest until paid. Section 6 of the act of 1884 provides that "the tax, when determined, shall be a debt due from such company to the state, for which an action at law may be maintained." If this state should institute an action, how could the corporation, in view of the principle established in the *Rosenbaum Case,* plead in defence its own death as a bar to a recovery? If the statute has attached interest to the debt, I do not see how it could resist the entry of judgment for both principal and interest.

It is said that the common practice is for the receiver to calculate interest on claims presented and allowed, up to the time of his appointment, just as the assignee calculates interest up to the date of the assignment. *Pritchett* v. *Newbold's Executors,*

*12 N. J. Eq. (Saxt.) 571-574.* If this be the correct practice, it does not help the petitioners' case, for the legislature can make a different rule in the case of claims or debts, to which it gives a preference. As the debt is preferred, so is the interest. Both are preferred to their full extent and must be paid before unpreferred claims are paid.